IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| KEITH F. HERVEY | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-2358-P |
| | § | |
| WAYNE McCOLLUM DETENTION | § | |
| CENTER, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Keith F. Hervey, a Texas pretrial detainee, against the Wayne McCollum Detention Center, Officer Reed, and Avila Simon. On November 18, 2010, plaintiff tendered a form civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on December 3, 2010. The court now determines that plaintiff should be allowed to prosecute his failure to protect claim against Officer Reed and his assault claim against Avila Simon. His other claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

On October 4, 2010, while incarcerated in the Wayne McCollum Detention Center in Waxahachie, Texas, plaintiff alleges that a group of inmates, including Avila Simon, "put my life endangerment [sic]." (*See* Plf. Compl. at 4, ¶ V; Mag. J. Interrog. #1(b), (d)). Plaintiff immediately told Officer Reed that the inmates were going to assault him for no reason. (*Id.*). Although Reed spoke to the inmates, he did not report the threat to the duty sergeant or move plaintiff to another tank. (*Id.*). Approximately five minutes later, Simon and the other inmates attacked plaintiff, causing a number of physical injuries and mental distress. (*See* Plf. Compl. at 4, ¶ VI; Mag. J. Interrog. #1(c), 2, 7, 9). Plaintiff now sues for $5 million in damages. (*See* Mag. J. Interrog. #2).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i)   is frivolous or malicious;

(ii)  fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain

detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim against the Wayne McCollum Detention Center. Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit. *See, e.g. Taylor v. Dallas County Jail*, No. 3-06-CV-0289-K, 2006 WL 1348755 at *2 (N.D. Tex. May 17, 2006) (citing cases). Plaintiff has the burden of showing that the Wayne McCollum Detention Center has the capacity to be sued. *See id.*, 2006 WL 1348755 at *2. Having failed to do so, his claims against this defendant should be dismissed.

C.

To the extent plaintiff attempts to assert a claim for denial of medical care, (*see* Mag. J. Interrog. #5), he has failed to allege facts which, if proved, show that any jail official acted with deliberate indifference to a serious condition such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This requires some factual allegation that jail officials were subjectively aware of a substantial risk of serious harm to plaintiff, and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). In the context of a medical care claim, a pretrial detainee must show that the defendant "refused to treat him,

ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Here, plaintiff admits that a nurse treated him with bandages and ice immediately following the assault. (*See* Mag. J. Interrog. #5). When plaintiff complained of pain four days later, he was given pain medication. (*See* Mag. J. Interrog. #8). Although plaintiff did not receive stitches for his "busted lip" and was not referred outside the jail for medical care, this is nothing more than a disagreement over the course of treatment that is not actionable under 42 U.S.C. § 1983. *See Bragg v. Safeek*, No. 3-09-CV-1931-N-BD, 2010 WL 2366005 at *1 (N.D. Tex. Jun. 9, 2010) (citing cases) (failure to refer pretrial detainee to hospital for treatment did not rise to the level of deliberate indifference where other medical treatment was given at the jail).

### D.

That leaves plaintiff's failure to protect claim against Officer Reed and assault claim against Avila Simon. Plaintiff alleges that Reed ignored his pleas for help when Simon and the other inmates threatened to attack him. Specifically, Reed refused to report the threat to the sergeant on duty, move plaintiff to another tank, or take other action to ensure plaintiff's safety. (*See* Mag. J. Interrog. #4). Plaintiff further alleges that Simon was one of the inmates who assaulted him. (*See* Mag. J. Interrog. #9). Without suggesting a view of whether dismissal may be proper in a different procedural context, plaintiff has alleged enough facts in his complaint to survive dismissal of his failure to protect claim against Reed and his assault claim against Simon at this stage of the proceeding.

## RECOMMENDATION

Plaintiff should be allowed to prosecute his failure to protect claim against Officer Reed and his assault claim against Avila Simon. His other claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 13, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE