IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH F. HERVEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3:10-CV-2358-P |
| | § | |
| WAYNE McCOLLUM DETENTION | § | |
| CENTER, ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Kenneth Reeves has filed a motion for summary judgment in this *pro se* prisoner civil rights action brought under 42 U.S.C. § 1983. In his complaint, plaintiff alleges that defendant, who is a detention officer with the Ellis County Sheriff's Department, failed to protect him from an assault by fellow inmate Avila Simon. Defendant counters that he is entitled to qualified immunity as a matter of law because his conduct did not violate clearly established constitutional or statutory rights of which a reasonable officer would have known. Alternatively, he alleges that plaintiff failed to exhaust administrative remedies. Plaintiff has filed a response to the motion, and this matter is ripe for determination.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant

must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The verified complaint of a *pro se* litigant can be considered as summary judgment evidence to the extent the allegations contained therein are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4); *see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Unsworn pleadings do not constitute competent summary judgment evidence. *See Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

Here, defendant moves for summary judgment on his qualified immunity defense. "Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Winston v. City of Shreveport*, 390 F. App'x 379, 383 (5th Cir. 2010), *quoting Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The Supreme Court has established a two-step analysis to determine whether a police officer is entitled to qualified immunity. First, the court must decide "whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736, 122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (2002); *see also Kinney v. Weaver*, 367 F.3d 337, 356 (5th Cir. 2004). Second, the court must ask "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson*, 129 S.Ct. at 816, *citing Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). A court has discretion to decide which of the two prongs of the

qualified immunity analysis should be addressed first "in light of the circumstances in the particular

case at hand." *Id.* at 818.

Once a defendant invokes his entitlement to qualified immunity, "the burden is on the

plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305

F.3d 314, 323 (5th Cir. 2002). This burden applies both at trial and on summary judgment. *Id.*; *see*

*also Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001). The plaintiff must rebut the

defense by establishing that the allegedly wrongful conduct violated clearly established law. *See*

*Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). In order to overcome the defense of

qualified immunity at the summary judgment stage, the plaintiff cannot rest on conclusory

allegations or assertions, but must demonstrate genuine issues of material fact regarding the

reasonableness of the defendant's conduct. *Id.*

To prove that defendant violated his Eighth Amendment rights by failing to protect him from

assault by a fellow inmate, plaintiff must show that the officer was deliberately indifferent to his

health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811

(1994). In other words, the official must both be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Adames*

*v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). The prison official must be *subjectively* aware of a

substantial risk of serious harm to the inmate and fail to alleviate that risk. *Farmer*, 114 S.Ct. at

1977-79. Mere negligence or neglect does not constitute deliberate indifference. *Fielder v.*

*Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979); *see also Whitley v. Albers*, 475 U.S. 312, 319, 106

S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986) (the legal conclusion of deliberate indifference must rest

on facts which show "obduracy and wantonness, not inadvertence or error in good faith").

Judged against these standards, the Court determines that plaintiff cannot overcome the

affirmative defense of qualified immunity. The uncontroverted evidence shows that on October 4, 2010, plaintiff was detained in the Wayne McCollum Detention Center in Ellis County, Texas. (*See* Plf. Compl. at 4, ¶ V; Mag. J. Interrog. #1). Plaintiff contacted Officer Reeves, who was acting as a detention officer in the facility's Q-Tank, and asked to be moved to a different tank. (*See* Mag. J. Interrog. # 1; Def. MSJ App., Exh. 1 at 1-2). According to plaintiff, he informed Officer Reeves that he was "about to be jumped" by fellow inmates and his life was in danger. (*See* Mag. J. Interrog. #1(b); Plf. Compl. at 4, ¶ V).[1] In response to this complaint, Officer Reeves walked into the tank and spoke with the inmates to address any problems. (*See* Plf. Compl. at 4, ¶ V; Def. MSJ App., Exh. 1 at 2; Plf. MSJ Br. at 2). Based on the responses he received and the lack of specific information provided by plaintiff, Officer Reeves concluded that plaintiff was not in imminent danger. (*See* Def. MSJ App., Exh. 1 at 1-2). Because of this belief and the unavailability of an open cell in which to place plaintiff, Reeves refused to move plaintiff out of Q-Tank to another cell or single cell areas, and he did not contact the sergeant in charge of the unit. (*See* Mag. J. Interrog. #1(b), (d)). Reeves then returned to his desk. (*Id.*). Five minutes later, a number of inmates surrounded plaintiff, and inmate Avila Simon hit him in the mouth. (*See* Plf. Compl. at 4, ¶ V; Mag. J. Interrog. #1(c), 7-8). Plaintiff states that Simon "busted" his lip in four areas, causing significant pain and bleeding, a huge knot, and permanent damage. (*See* Mag. J. Interrog. #2, 7-8).

Plaintiff has failed to raise a fact issue concerning the deliberate indifference of Officer Reeves. The undisputed summary judgment evidence before the Court establishes that Reeves took action in response to plaintiff's complaint – namely, interviewing the inmates in plaintiff's cell – and

---

[1] Officer Reeves disputes this claim and states that plaintiff only stated that "he was not getting along with some of the other inmates in the tank[,]" and refused to provide any additional information to justify a move to a different tank. (Def. MSJ App., Exh. 1 at 2). On summary judgment, the Court must disregard disputed factual allegations by the moving party and take the non-moving party's factual allegations as true. *See Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001).

concluded that plaintiff was not in imminent danger. Although Reeves was ultimately incorrect, plaintiff has provided no summary judgment evidence to establish that he was *deliberately* indifferent to the risk of harm. At most, Officer Reeves was negligent in failing to perceive the risk of harm posed by the other inmates and remove plaintiff from the cell block. This is insufficient to establish a failure to protect claim under section 1983. *See, e.g., Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).[2]

## CONCLUSION

Defendant's motion for summary judgment [Doc. #48] is granted. Because the court has dismissed plaintiff's federal claims, it declines to exercise supplemental jurisdiction over the state law assault claim alleged against defendant Avila Simon. *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed."). The court will dismiss this action by separate judgment filed today.

SO ORDERED this 9th day of December, 2011.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

---

[2] Defendant also moves for summary judgment because plaintiff failed to exhaust administrative remedies. (*See* Def. MSJ Br. at 6 & Exh. 3). Because summary judgment is proper based on qualified immunity, the Court need not reach the issue of exhaustion.